Ralph Server, Sui Juris
1210 Durham Road
Wallingford, Conn.

**COMPLAINT**

TILA RESCISSION ENFORCEMENT;
VOID MORTGAGE AND NOTE
BY OPERATION OF LAW

FILED
2016 SEP 19 AM 11 49
U.S. DISTRICT COURT
NEW HAVEN, CT

**UNITED STATES DISTRICT COURT**

TILA; REGULATION Z;

FEDERAL DISTRICT COURT
NEW HAVEN, CT

RALPH SERVER JR
Plaintiff, vs.

NATION STAR MORTGAGE LLC., dba
CHAMPION MORTGAGE

Case No. 3:16cv1582-VLB

Defendant.

## COMPLAINT FOR ENFORCEMENT OF TILA RESCISSION

1. Comes now the Plaintiff, with this his Complaint For ENFORCEMENT OF RESCISSION UNDER TILA (Truth In Lending Act) complaining for declaratory judgment with respect to same, and demanding surrender of note and mortgage arising from a purported agreement initiated in July of 2009 between the Plaintiff and Pretender Lender COMMUNITY HOME EQUITY CONVERSION CORPORATION relating to the Plaintiff's real estate located at the above-noted address at 1210 Durham Road, Wallingford Conn.

2. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 over Plaintiff's action for nullification and/or declaratory relief pursuant to Secs. 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure; and also under United States law.

Jurisdiction arises over note and mortgage issues under the federal Fair Debt Collections Act("FDCA"), 15 U.S.C Sec. sec. 226 et seq.; Federal Trade Commission Act("FTC Act") 15 U.S.C. sec. 1691 et seq. (Equal Credit Opportunity, and also RESPA, 12 U.S.C. secs. 2601 et seq.

This court has supplemental jurisdiction pursuant to 28 U.S.C. **§1.367** to hear Plaintiff's state law claims, if any, including but not limited to determination of status as holder in due course under Connecticut General Statutes Title 47-31 on the one hand, and equitable action for quiet title in Chancery Court pursuant to pertinent Connecticut Statutes.

2

3.      These potential state law claims may constitute the foundation, in turn, for Plaintiffs future federal claims in that all may arise out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution. The execution, handling, and crediting of these claimed negotiable instruments is inextricably intertwined with questions of payment and consumer credit and hence, all questions concern legal and equitable claims to right, title, and interest in the property, the subject of this lawsuit and is *equitable in action*.

4.      Defendant NATION STAR MORTGAGE, LLC., is named here as Defendant because that is the name claiming interest in Plaintiffs property, despite not being in privity with Ralph Server Jr on any contract (because of assignment) and is plainly NOT the holder in due course of the Note which the Plaintiff SERVER ostensibly signed over to CHECC (Community Home Equity Conversion Corporation), as a loan, and that this lack of privity and transfer of interest is apparent because COMMUNITY HOME EQUITY CONVERSION CORPORATION ENDORSED the note To BANK OF AMERICA 'without recourse,' who thereafter assigned to CHAMPION MORTGAGE, dba NATION STAR, LLC. in 2012.

5.      This endorsement indicates BANK OF AMERICA, NA., has "cashed" or fully negotiated the Plaintiff's note. In other words, COMMUNITY HOME EQUITY CONVERSION CORPORATION (hereinafter' CHECC), and/or BANK OF AMERICA, have (since accepting the loan note from Plaintiff on or about July 1, 2009) transferred the Plaintiff's loan note and was paid for that Note in full.

6.      The holder in due course of the note, could literally be anyone in the world EXCEPT for the endorsing party CHECC, pursuant to Connecticut common and statutory law, to wit Connecticut Statutes. ("Uniform Commercial Code: Negotiable Instruments):

7. If any debt is owing to any party, despite the lack of mutuality in consideration, with NO consideration whatsoever identified in the mortgage contract (Exhibit B) as flowing from NATION STAR MORTGAGE LLC., to the Plaintiff, that debt is owed NOT to NATION STAR MORTGAGE., or CHAMPION MORTGAGE., but to the true holder in due course of Plaintiff's note.

8. CHAMPION MORTGAGE, INC., identifies its address as P.O. Box 40724 Lansing MI 48901-7924 and is admittedly a Debt Collector; but the July 1, 2009 Mortgage contract, further identifies the 'Lender' as a "New York Corporation" namely COMMUNITY HOME EQUITY CONVERSION CORPORATION and is on the July 1, 2009 Promissory Note purportedly signed by Plaintiff RALPH SERVER JR. This note is the primary focus and subject of this lawsuit. NATION STAR MORTGAGE, LLC., operates in a number of states throughout the United States organized into different groups. CHAMPION MORTGAGE, appears, however, to be a subsidiary and is located at PO Box 40724 Lansing MI 48901-7924 of and is otherwise affiliated with NATION STAR LLC., incorporated in the State of Texas with its Principal Place of Business at 8950 Cypress Waters Blvd. Coppell, TX 75019.

9. The Court accordingly has Federal question jurisdiction pursuant to 28 U.S. C:. §1331 over Plaintiff's request for injunctive relief authorized by 28 U.S.C. §2202 and Rule 65 of the Federal Rules of Civil Procedure.

10. Plaintiff accents specific **Enforcement of Rescission of the Mortgage and Note** pursuant to the recent United States Supreme Court decision in *Jesinoski v Countrywide Home Loans, Inc.* 135. S. Ct. 790 (2015). Justice Scalia, speaking for a unanimous court said - When Plaintiff fails to respond to a notice of rescission it relinquishes its right to foreclose; and as such, by virtue of so doing, the mortgage, which is the basis of plaintiff's complaint, is cancelled, and its supposed security interest in Defendant's primary residence is *void by operation of law.* - (Incidentally, (1) neither CHAMPION MORTGAGE nor NATION STAR LLC are holders in due course of Plaintiffs note, (2) neither are they in continuing privity of contract with Plaintiff, because (3) COMMUNITY HOME EQUITY CONVERSION CORPORATION endorsed Plaintiffs Note 'without recourse' (i.e. "cashed" this negotiable instrument, or in the alternative "transferred Plaintiff's *altered* note to a known third party (BANK OF AMERICA, NA) ostensibly for value paid and received").

**Jesinoski** made it clear that the alleged borrower need not file a law suit; that "his notice completed the rescission" *whether disputed or not*; so if notice is enough to effect a rescission, no law suit would be needed and further if no lawsuit would be needed, *Jesinoski* had no need to show statutory compliance even where Plaintiff argues there was no TILA violation. Until *Jesinoski,* the courts were split and most ruled the wrong way. However, the Supreme Court has now corrected those courts that did not recognize TILA rescission by NOTICE - and resolved the split of the circuits, plainly and succinctly.

> A foreclosure lawsuit requires a valid note and mortgage. The rescission removed the Note and Mortgage as valid instruments as of the date of mailing the rescission. As such, none of the existing parties (Nation Star and Champion) have standing to dispute the rescission which Justice Scalia said, *on behalf of a unanimous US Supreme Court,* was "effective" upon mailing regardless of whether it was <u>disputed or not</u>.

Plaintiff seeks enforcement based on the clear guidance of SCOTUS.

11. Plaintiff RALPH SERVER JR now seeks final prohibitory injunctions to enjoin NATION STAR and CHAMPION MORTGAGE (and their successors and assigns) from any attempts to foreclose on the property which is the subject of this law suit.

12. And Plaintiff accordingly further reserves causes of action against unnamed Defendants as well, inclusive of BANK OF AMERICA, COMMUNITY HOME EQUITY CONVERSION CORP., NATION STAR and CHAMPION MORTGAGE, and DOES 1-50 predicated on, inter alia, apparent violations of and justifying relief pursuant to the federal Fair Debt Collections Act ("FDCA"), 15 U.S.C.A 1601 et seq. ("TILA"); Regulation Z, 12 C.F.R. ,§ 226 et seq. Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 1961 et seq., and RESPA 12 U.S.C. §§2601 et seq.;

13. Plaintiff also reserves his right to amend and to assert derivative claims under Connecticut Commercial and Consumer Protection Statutes, as well as state laws prohibiting Deceptive Trade Practices, among others.

For reasons stated Plaintiff requests strict enforcement

of the **rescission notice** dated September 21, 2015.
(See attached Exhibit B)

Respectfully,

By:

*Ralph Server JR*

For RALPH SERVER

## CERTIFICATE OF SERVICE

I certify that a copy of this complaint for enforcement of rescission was mailed postage paid on the 20th of September to -

Marinosci Law Group
275 West Natiwick Road
Warwick, Rhode Island

By;

Ralph Server A.R.
for PLAINTIFF RALPH SERVER