UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALPH SERVER, JR., | : | |
| Plaintiff, | : | CASE NO. 3:16-cv-1582 (VLB) |
| | : | |
| v. | : | |
| | : | |
| NATION STAR MORTGAGE, LLC, | : | July 20, 2017 |
| Defendant. | : | |

<u>**MEMORANDUM OF DECISION GRANTING MOTION TO DISMISS [DKT. 7]**</u>

This case seeks relief from an order rendered in and relief obtainable in a foreclosure action currently pending in the Connecticut Superior Court. The Complaint does not allege that Plaintiff Ralph Server, Jr. ("Server, Jr.") has sought relief from the Connecticut Appellate or Supreme Courts. *See* [Dkt. 1 (Compl.)]. The Connecticut Judicial Branch website does not reveal an appeal of the Superior Court decision. Server, Jr. seeks declaratory judgment and rescission of the note and mortgage under TILA and an injunction prohibiting Defendant Nation Star Mortgage, LLC ("Nation Star") from foreclosing on his property. *See id.* ¶¶ 1, 11.[1] Server, Jr. also claims to have state law claims, "including but not limited to

---

[1] Although Server, Jr. claims jurisdiction is valid under the Fair Debt Collections Act ("FDCA") and the Federal Trade Commission Act ("FTCA"), *see* [Dkt. 1 ¶2], he does not state any claims under these Acts. He instead generally "reserves causes of action" under the FDCA, TILA, the FTCA, and the Real Estate Settlement Procedures Act ("RESPA") against Bank of America, Community Home Equity Conversion Corp., Nation Star and Champion Mortgage, and Does 1-50. *See id.* ¶ 12. Server, Jr. also "reserves his right to amend and to assert derivative claims under the Connecticut Commercial and Consumer Protection Statutes, as well as state laws prohibiting Deceptive Trade Practices, among others." *Id.* ¶ 13. The Court does not address any actions vaguely reference but not asserted in the operative complaint.

determination of status as holder in due course under Conn. Gen. Stat. § 47-31 on the one hand, and equitable action for quiet title in Chancery Court. . . ."  *Id.* ¶ 2. Nation Star has moved to dismiss this case in its entirety for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and, in the alternative, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  For the following reasons, the Court GRANTS this motion for Server, Jr.'s failure to establish subject matter jurisdiction.

I.    <u>Background</u>

Server, Jr. entered into a mortgage and a promissory note with the Community Home Equity Conversion Corporation ("CHECC") on July 1, 2009.  *See* [Dkt. 1 ¶ 1; Dkt. 7 (Mot. Dismiss) at 32-50 of PDF].   The property is located in Wallingford, Connecticut.  [Dkt. 1 ¶ 1].  CHECC later endorsed the note to Bank of America, which then in 2012 assigned the note to Nation Star.  *Id.* ¶ 4.  Nation Star is a debt collector incorporated in Texas with its principle place of business located in that state.  *Id.* ¶ 8.

In March 2015, Nation Star instituted a foreclosure action against Server, Jr. in Connecticut state court.  [Dkt. 7 at 24 of PDF].[2]  Judge Cronan of the Superior Court in the Judicial District of New Haven at Meriden determined that Nation Star was the proper party in the foreclosure action as the possessor of the original

---

[2] The Court takes judicial notice that all documents related to the state court litigation are publicly available by searching the Civil/Family/Housing directory through Server, Jr.'s name.  *See* State of Conn. Judicial Branch, *Civil/Family/Housing Inquiry*, available at http://civilinquiry.jud.ct.gov/PartySearch.aspx.  The state court litigation involving Server, Jr. and Nation Star is docket number NNI-CV-15-6008087-S.  Accordingly, the Court refers to and cites any exhibits filed by Nation Star that are publicly available.

promissory note.  *See id.* at 27 of PDF.[3]  On December 2, 2015, Server, Jr. filed an Answer and Special Defenses.  *Id.* at 25 of PDF.  Then on February 25, 2016, Server, Jr. filed a Motion to Dismiss / Motion to Strike and after the parties completed briefing Judge Cronan issued a decision denying Server, Jr.'s motion.  *See id.* at 25.  With respect to procedure, Judge Cronan ruled that Server, Jr. waived his right to file a motion to strike after filing the answer and special defenses on December 2, 2015.  *Id.* at 30 of PDF.  Judge Cronan then addressed the merits of the motion and found that under *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), rescission is effected when a borrower notifies the creditor of his or her intention to rescind so long as the notice is provided within three years of the transaction, but that in the present case Server, Jr. did not timely rescind the mortgage because he issued the notice on September 21, 2015, well over three years after the transaction in July 2009.  *Id.* at 31 of PDF.  The following week Server, Jr. filed a Motion to Reargue / Reconsider, which Judge Cronan denied on May 25, 2016.  *Id.* at 25 of PDF.  As noted above, Server, Jr. does not appear to have appealed the ruling.  To date the matter remains pending.

After receiving the Order denying Server, Jr.'s Motion to Dismiss / Motion to Strike, Server, Jr. filed the instant action with this Court in September 2016.  Server, Jr. contends that any debt owed to any party is due to the presently unknown but "true holder in due course" of the note, not Nation Star as it is not in privity with Server, Jr.  [Dkt. 1 ¶¶ 4, 7].  Server, Jr. also believes that he has a right to rescind

---

[3] Although the Order claims "defendant" possesses the original promissory note, the Court has assessed the associated briefing on the docket and determined the ruling instead pertains to the plaintiff, Nation Star.

the mortgage and note simply by providing notice despite having unsuccessfully litigated the issues in state court. *Id.* ¶ 10.

## II.   Legal Standard

"Federal courts are courts of limited jurisdiction. . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013).  Subject matter jurisdiction is not waivable, and a lack of subject matter jurisdiction may be raised at any time, by a party or the court *sua sponte*.  *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) ("Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy.").    If a court lacks subject matter jurisdiction, it must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3).

A "district court must take all uncontroverted facts in the complaint [ ] as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).  However, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings. . . ."  *Id.*  "In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Id.*

## III.   Analysis

### A.  Rooker-Feldman *Doctrine*

Under the *Rooker-Feldman* doctrine, federal district courts may not exercise subject matter jurisdiction over suits that are, in substance, appeals from state

court judgments.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-15 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 513 (D. Conn. 2015) (stating the *Rooker-Feldman* doctrine depends on "the causal relationship between the state-court judgment and the injury of which the party complains in federal court," not the similarity between the claims) (quoting *McKithen v. Brown*, 481 F.3d 89, 97-98 (2d Cir. 2007)).  The doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).  There are four requirements for the application of the *Rooker-Feldman* doctrine: (1) the party raising the claim must have lost in state court; (2) that party's injuries must be caused by the state court judgment; (3) that party's claims must invite the district court to review and reject the state court judgment; and (4) the state court judgment must have been rendered prior to the commencement of the federal court proceedings.  *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014); *Hoblock v. Albany Cty Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (interpreting the requirements set forth by *Exxon Mobil Corp.* as a four-factor test).

A judgment is final for *Rooker-Feldman* purposes where "the state proceedings [have] ended."  *Exxon Mobil Corp.*, 544 U.S. at 291.  While *Rooker-Feldman's* timing requirement "will usually be straightforward," the present case falls within the category of cases which "present difficult questions as to whether

'the state proceedings have 'ended' within the meaning of *Rooker-Feldman* on the federal questions at issue.'" *Hoblock*, 422 F.3d at 89 (quoting *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 25 (1st Cir. 2005)). Indeed, while the Second Circuit has traditionally applied the *Rooker-Feldman* doctrine to interlocutory state court orders, much of this case law has been abrogated because the *Exxon Mobil Corp.* ruling confined the *Rooker-Feldman* doctrine to a narrower set of cases than previously interpreted by many circuit courts including our own. *See Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009).

Here, prior to the commencement of this action, the Connecticut Superior Court made two critical rulings. First, Judge Cronan determined that Nation Star was a proper party in the action. *See* [Dkt. 7 at 27 of PDF]. Second, Judge Cronan denied Server, Jr.'s Motion to Dismiss / Motion to Strike for improper procedure and for failure to rescind the mortgage within the three-year statute of limitations, and thus he allowed foreclosure proceedings to go forward. *See id.* at 31 of PDF. Thus, the Superior Court ruled on the holder in due course and TILA claims presented in this case. Server, Jr. filed a Motion to Reargue/Reconsider, which Judge Cronan denied on March 25, 2016. *Id.* at 25 of PDF. There is no indication from the docket that he appealed either ruling, the foreclosure action remains pending, and there is indeed still the possibility that Server, Jr. could raise any and all defenses which may exist against the foreclosure and prevail in state court despite these two factual findings made by Judge Cronan. The Court finds that given the ongoing nature of the proceedings there is considerable doubt under

*Exxon Mobil Corp.* that the *Rooker-Feldman* doctrine applies.   Rather, an abstention doctrine does apply and warrants dismissal of this case.

### B. Colorado River *Doctrine*

This matter falls more properly within the *Colorado River* abstention doctrine.  Although the parties have not addressed this doctrine, it is of no moment because a district court may *sua sponte* challenge subject matter jurisdiction, including through abstention principles.  *See Thaler*, 565 U.S. at 141; *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 100 n.2 (2d Cir. 1999) (finding that a district court or appellate court could *sua sponte* address subject matter jurisdiction and applying *Colorado River* abstention principles).

A federal court may, in certain exceptional circumstances, abstain from exercising jurisdiction over a claim properly brought before it, but the abstention doctrine "comprises a few extraordinary and narrow exceptions to a federal court's duty to exercise its jurisdiction . . . ."  *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001)).  One narrow exception to the general obligation to exercise jurisdiction is when a parallel state court action is pending.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).  In *Colorado River*, the Supreme Court held that a "federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in 'comprehensive disposition of litigation.'"  *Niagara Mohawk Power Corp.*, 673 F.3d at 100 (quoting

*Colorado River*, 424 U.S. at 817-18).  When determining whether to abstain from exercising jurisdiction, courts are required to consider the following factors:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Niagara Mohawk Power Corp.*, 673F.3d at 101 (quoting *Woodford*, 239 F.3d at 522).  However, a court's decision to decline jurisdiction "does not rest on a mechanical checklist," but rather depends on "a careful balancing of the important factors as they apply in a given case."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).  Therefore, in addition to the six criteria, courts consider a wide variety of factors when conducting the abstention analysis.

Before analyzing the specific factors, "a court must make a threshold determination that the federal and state court cases are 'parallel.'"  *Dalzell Mgmt. Co., Inc. v. Bardonia Plaza, LLC*, 923 F. Supp. 2d 590, 597 (S.D.N.Y. 2013) (quoting *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)).  "Federal and state proceedings are 'parallel' for abstention purposes when the two proceedings 'are essentially the same,' meaning that 'there is an identity of parties, and the issues and relief sought are the same.'"  *Id.* (quoting *Shields v. Murdoch*, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012)).  However, to be parallel the proceedings need not be identical.  "Lawsuits are considered 'parallel' if 'substantially the same parties are contemporaneously litigating substantially the same issue' in both forums."  *First*

*Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 182 (E.D.N.Y. 2012) (quoting *Dittmer*, 146 F.3d at 118).  Therefore, "[c]omplete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation."  *GBA Contracting Corp. v. Fid. & Deposit Co.*, No. 00-cv-1333(SHS), 2001 WL 11060, at *1 (S.D.N.Y. Jan. 4, 2001).

Here, the parties are identical to those involved in the state court action, although their roles are reversed.  The state case is a foreclosure action brought by Nation Star involving the same property in this federal case.  Server, Jr., as defendant in the state action, sought to dismiss the case based on his prior notice of rescission under TILA.  *See* Motion to Strike and/or Dismiss Plaintiff's Complaint (Dkt. 124.00), *Nationstar Mortgage LLC v. Server Jr., Ralph et al.*, Superior Court, judicial district of Meriden, Docket No. NNI-CV15-6008087-S (Feb. 25, 2016).[4]  The state court denied the motion, ruling that the statute of limitations had run regarding his right to rescission under TILA and therefore Server, Jr. did not timely rescind the mortgage.  *See* [Dkt. 7 at 31 of PDF].  The case remains pending.  The federal case is essentially identical.  Although framed as a TILA rescission action, Server, Jr. seeks enforcement of rescission under TILA and an injunction from foreclosure of the property.  [Dkt. 1 ¶¶ 1, 11].  Server, Jr.'s contention that the FDCA and FTCA confer jurisdiction, and his reservation of rights of claims under these Acts as well as other state claims including Conn. Gen. Stat. § 47-31 do not

---

[4] This filing can be accessed at:
http://civilinquiry.jud.ct.gov/DocumentInquiry/DocumentInquiry.aspx?DocumentNo=10112008.

distinguish the state and federal actions.  The principle reason is because the "main issue" is still identical: foreclosure of Server, Jr.'s property.  The secondary reason is because this laundry list of federal and state regulations, without more, are not sufficient to distinguish the two cases.  Accordingly, the Court will now analyze each factor required under the *Colorado River* doctrine.

### 1.    *Res*

The first factor weighs in favor of abstention because the Connecticut state court exercised jurisdiction over the *res* when the state foreclosure action began. *See Bromfield v. Lend-Mor Mortgage Bankers Corp.*, No. 3:15-cv-1103 (MPS), slip op. at *4 (D. Conn. Feb. 17, 2016) (finding the first factor to weigh in favor of abstention where foreclosure actions began in state court); *c.f. Credit-Based Asset Servicing and Securitization, LLC v. Lichtenfels*, 658 F. Supp. 2d 355, 361-62 (D. Conn. 2009) (citing same principle and applying to a *quasi in rem* proceeding). Because the Second Circuit has held that jurisdiction over the *res* may be dispositive, the Court finds this factor weighs heavily in favor of abstention. *F.D.I.C.*, 178 F.3d at 102 (stating that a foreclosure action is an *in rem* proceeding and the court with custody over the property, i.e. where proceedings *in rem* occur, has exclusive jurisdiction of the case).

### 2.    *Inconvenience of Federal Forum*

The "inconvenience refers to the geographical relation of the respective courthouses." *Credit-Based Asset*, 658 F. Supp. 2d at 364 (citing *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 210-11 (2d Cir. 1985)); *First Keystone Consultants, Inc.*, 862 F. Supp. 2d at 187 (finding the federal courthouse's

location in Brooklyn and the Queens County courthouse location was "of little consequence" and weighed slightly against abstention).  Due to the relatively close proximity of the two courthouses, the Court finds this factor weighs slightly against abstention.

### 3.    *Avoiding Piecemeal Litigation*

As in many *Colorado River* abstention cases, one of the most important factors is the desirability of avoiding piecemeal litigation.  *Arkwright-Boston*, 762 F.2d 205 at 210-211 (noting "[a]s in *Colorado River,* the danger of piecemeal litigation is the paramount consideration.").  As the Second Circuit noted, "[t]he existence of such concurrent proceedings creates the serious potential for spawning an unseemly race to see which forum can resolve the same issues first . . . ."  *Id.* at 211.  "The spectre of piecemeal litigation implicates both, combining the impracticality of wasting judicial resources with the legal dilemmas posed by the possibility of inconsistent results in two identical or virtually identical cases."  *Gen. Star Intern. Indem. Ltd. v. Chase Manhattan Bank*, No. 01-civ-11379(AGS), 2002 WL 850012, at *7 (S.D.N.Y. May 3, 2002).

This factor undoubtedly favors abstention.  The foreclosure action pending before the state court is essentially identical to the case before this Court.  Judge Cronan previously considered evidence and ruled that Nation Star is a proper party in the action because it possesses the original promissory note.  *See* [Dkt. 7 at 27 of PDF (addressing Server, Jr.'s Motion to Dismiss (Dkt. 116.00))].  Judge Cronan also ruled that Server, Jr. did not file his notice of rescission within three years of the transaction and therefore did not properly rescind the mortgage under TILA.

11

*Id.* at 32 of PDF.  Here, the Complaint alleges that Nation Star does not have standing to enforce the mortgage and note, and it seeks rescission and an injunction against foreclosure.  Server, Jr. is essentially relitigating these issues in federal court while his state action remains pending.  This potential for inconsistent results is exactly the type of piecemeal litigation that should be avoided.

      4.    *Order in Which Jurisdiction Was Obtained and Progress*

"The fourth *Colorado River* factor looks at the point in time at which the respective actions were filed, however, a court must engage in more than a simple comparison of dates."  *L. Harbert, Inc. v. Aetna Cas. & Sur. Co.*, No. 96-civ-8924(LAP), 1997 WL 539778, at *4 (S.D.N.Y. Aug. 28, 1997) (citing *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989) ("[T]he inquiry is not so simplistic; the relative progress of the federal and state proceedings must be carefully examined.")).  Therefore, courts "look not only to which action was commenced first, but rather to the relative progress of actions in the two forums."  *Estee Lauder Cos. Inc. v. Batra*, 430 F. Supp. 2d 158, 168 (S.D.N.Y. 2006) (quoting *Am. Alliance Ins. Co.*, 961 F. Supp. at 659).

The state court action had been pending for one and a half years before Server, Jr. filed his complaint with this Court in September 2016.  At the time when the federal action was filed, the parties had already engaged in foreclosure mediation, exchanged discovery, as well as litigated a Motion to Dismiss, a Motion for Default, a Motion to Strike, and two Motions to Reargue/Reconsider.  *See Nationstar Mortgage LLC*, Superior Court, judicial district of Meriden, Docket No.

NNI-CV15-6008087-S (Feb. 25, 2016).[5]  The most recent matter filed with the state court is a Motion for Continuance filed on October 5, 2016, which does not appear to have been ruled upon.  By contrast, Nation Star filed its Motion to Dismiss with this Court shortly on October 7, 2016, and the parties have raised no additional issues with the Court.  The Court assumes discovery commenced in accordance with Fed. R. Civ. P. 26 and remains ongoing.  This factors weighs slightly in favor of abstention due to the breadth of issues already litigated in state court.

                    5.      *Law that Provides the Rule of Decision*

        The fifth factor involves the substantive law governing the merits of the case. Typically, federal law issues weigh in favor of surrender and state law issues weigh in favor of abstention.  *See Arkwright-Boston*, 762 F.2d at 211; *De Cisneros*, 871 F.2d 305, 308-09 (2d Cir. 1989).

        Server, Jr. seeks an injunction from foreclosure, which applies state law. However he also seeks rescission under TILA, a federal statute.  Section 1640(e) allows both state and federal courts to preside over TILA actions.  15 U.S.C. § 1640(e).  In circumstances where there is concurrent jurisdiction between both state and federal law, policy favors abstention.  *See Beepot v. J.P. Morgan Chase Nat. Corporate Servs., Inc.*, No. 3:10-cv-423-J-34TEM, 2011 WL 4529604, at *9 (M.D. Fla. Sept. 30, 2011) ("TILA provides for concurrent jurisdiction in the state and federal courts, 15 U.S.C. § 1640(e), evincing a policy favoring abstention.") (citing *Ambrosia Coal and Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1331 (11th Cir.

_____

[5] This filing can be accessed at:
http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=NNICV156008087S

2004)); *Blake v. Wells Fargo Bank, NA*, 917 F. Supp. 2d 732, 738 (S.D. Ohio 2013) ("The Plaintiff's TILA claims belong, for the moment, in state court and should be adjudicated there."); *see also Colorado River*, 424 U.S. at 818 (finding that a court exercising jurisdiction over property may do so at the exclusion of other courts even where there exists concurrent jurisdiction); *c.f. L. Harbert, Inc.*, 1997 WL 539778, at *4 ("[A] decision to abstain may be supported by the fact that 'the bulk of the litigation would necessarily revolve around the state-law . . . rights of . . . parties.'") (quoting *General Reins. Corp. v. Ciba-Geigy Corp.*, 853 F.2d 78, 82).  The Court finds the main dispute is centered on the state law issue, i.e. the foreclosure, and thus favors abstention.

## 6.      *Adequacy of the State Forum to Protect the Plaintiff's Federal Rights*

The last factor is whether "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28; *Niagara Mohawk Power Corp.*, 673 F.3d at 103 (citing this principle as the sixth factor); *Gen. Star Intern. Indem., Ltd. v. Chase Manhattan Bank*, 57 F. App'x 892, 893 (2d Cir. 2003) (stating the sixth factor is "whether the state *procedures* are adequate to protect the plaintiff's federal rights") (emphasis added).  Generally, the last factor is given little weight unless it weighs in favor of federal jurisdiction.  *See Zemsky v. City of New York*, 821 F.2d 148, 153 (2d Cir. 1987) (finding the sixth factor weighed in favor of exercising jurisdiction because certain individuals were parties only in the federal action).  Here, state court is an appropriate vehicle for *complete resolution* because § 1624(e) entitles

a state court to adjudicate TILA claims, the TILA issue has already been decided in state court, and the foreclosure matter is one for the state. *See Credit-Based Asset*, 658 F. Supp. 2d at 365-66 (finding the plaintiff "has the ability to vindicate its right to foreclose in state court, and thus the state court proceedings adequately protect [plaintiff's] rights"). Although there does not appear to be any set state court date in the near future, there is no indication that litigation would not proceed in a timely fashion as it has before and accordingly there is reason to believe proceedings would lead to a full and *prompt resolution*. Moreover, these cases involve identical parties and therefore all federal parties will be able to resolve their issues in state court. *See F.D.I.C.*, 178 F.3d at 102 (acknowledging with respect to the sixth factor that "RBS, the true party in interest, is not a party to the state action" and would therefore not have its rights protected outside of federal court). Aside from Server, Jr.'s disagreement with the state court ruling, which he can but has not appealed, Server, Jr. has not shown any basis for this Court to conclude that his rights cannot receive adequate consideration and resolution in state court proceedings.

### 7.   *Additional Consideration: Forum Shopping*

As noted above, courts in this circuit may consider other factors apart from those outlined by the Second Circuit. One such factor is that which the Ninth Circuit expressly considers: "whether exercising jurisdiction would promote forum shopping." *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002). As a general matter, a court will generally defer to the plaintiff's choice of forum. *See Gross v. British Broadcasting Corp.*, 386 F.3d 224, 230 (2d Cir. 2004); *Young Pharm., Inc. v. Marchese*, No. 3:15-CV-516(VLB), slip op. at *5 (D. Conn. Feb. 6, 2017). However,

with respect to the *Colorado River* doctrine courts within this circuit echo the Ninth Circuit's concern that plaintiffs should not be able to forum-shop, particularly when it is in an effort to circumvent state court proceedings already underway.  *See, e.g., L. Harbert, Inc.*, 1997 WL 539778, at *4 ("The strong policy against allowing a plaintiff to manipulate our system of parallel courts by filing in federal court once he or she has already filed in state court also favors abstention.  In this case, Harbert's filing of a complaint in federal court appears to be a thinly veiled attempt to remove its case to federal court, in violation of the well-established policy against such forum-shopping tactics."); *DLJ Mortg. Capital, Inc. v. Kontogiannis*, No. 10-civ-9092 LTS, 2011 WL 611836, at *3 (S.D.N.Y. Feb. 17, 2011) ("The interests of efficiency and judicial economy would clearly be served, and forum-shopping (however indirect) discouraged, by remand of this action to state court for prompt continuation of the previously-pending proceedings."); *Lorentzen v. Levolor Corp.*, 754 F. Supp. 987, 993 (S.D.N.Y. 1990) (finding that "it was plaintiff who chose to trigger the jurisdiction of the state court in this matter" and that filing in federal court "appears to be an attempt by plaintiff to change his original choice of forum in violation of the federal policy against plaintiff removal and forum-shopping"). As the Supreme Court noted in the abstention context, "a party may not procure federal intervention by terminating the state judicial process prematurely— foregoing the state appeal to attack the trial court's judgment in federal court." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989).  This is exactly what Server, Jr. has done.  Accordingly, Server, Jr.'s

apparent desire to bypass the state court proceedings and litigate in federal court is the type of forum shopping that should not be encouraged.

In addition, for purpose of the choice of forum analysis, Nation Star and not Sever, Jr., is the true plaintiff.  Nation Star initiated the prior pending foreclosure proceeding in state court.  Sever Jr. seeks to circumvent that choice and the rulings entered in Nation Star's chosen forum by filing this parallel case.

IV.   **Conclusion**

In weighing all the factors and taking into consideration the fact that the two most important factors—the *res,* the need to avoid piecemeal litigation—weigh heavily in favor of abstention, as well and forum shopping and abuse of judicial process, the Court therefore abstains from exercising subject matter jurisdiction over this case on *Colorado River* grounds. For the aforementioned reasons, Defendant's Motion for to Dismiss is GRANTED.  The Clerk is directed to close this file.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  July 20, 2017